# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **BRIAN LEON HAMLET,** )  | |
|  ) | |
| **Plaintiff,** ) | |
|  ) | |
| v. ) | Civil Action No. 1:06-0057 |
|  ) | |
| **STATE OF WEST VIRGINIA,** ) | |
| *et al.* ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On January 25, 2006, Plaintiff, acting *pro se* and in confinement at Tygart Valley Regional Jail in Randolph County, West Virginia, filed his Complaint in this matter claiming entitlement to monetary damages under 42 U.S.C. §1983, and an Application to Proceed Without Payments of Fees.[1] (Doc. Nos. 1 and 2.)   By Standing Order also filed on January 25, 2006, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B)(Document No. 3.)

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the Court must dismiss the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v.

---

[1] Because Plaintiff is acting pro se, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). From the record available to the Court, it clearly appears that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the undersigned has determined that Plaintiff's Complaint in this case should be summarily dismissed.

## **DISCUSSION**

In his Complaint, Plaintiff alleges that his constitutional rights were violated during the course of his criminal trial in Mercer County, West Virginia, which ultimately led to his conviction. (Doc. No. 1.)  Plaintiff names as Defendants the State of West Virginia, William Sadler, Mercer County Prosecuting Attorney, and his attorney, David C. Smith. (Id.)  Plaintiff essentially contends that he was convicted as a result of prosecutorial misconduct and ineffective assistance of counsel. First, Plaintiff contends that two witnesses in his criminal trial, Phillip Craigheads and Officer Sam Whitt, gave testimony at trial contrary to their statements contained in a police report.  (Id. at 4-5.) Second, Plaintiff contends that Defendant William Sadler never notified the court of Phillip Craigheads' and Officer Sam Whitt's perjured testimony and that his attorney did not raise the issue of the witnesses' contrary accounts during the course of the trial. (Id. at 4.)  Third, Plaintiff contends that Defendant William Sadler failed to admit certain crucial 911 records, nor did his attorney request that the 911 records be admitted as evidence.  (Id. at 6.)  Fourth, Plaintiff alleges that his attorney refused to provide him with a copy of the transcripts relating to the grand jury proceeding which resulted in his indictment and his preliminary hearing so that he could prepare for trial.  (Id. at 7.) Plaintiff also contends that his attorney never provided him with a copy of the appeal that was filed with the Supreme Court of Appeals of West Virginia.  (Id. at 7.)  Plaintiff further alleges that his attorney advised him not to file a *habeas corpus* petition alleging ineffective assistance of

counsel because the Supreme Court of Appeals of West Virginia would find merit in his direct appeal. (Id. at 7-8.) Finally, he alleges that Defendant William Sadler and his attorney, David C. Smith, willingly conspired with each other to violate his rights in order to obtain a guilty verdict. (Id. at 8.)

Because Plaintiff does not provide sufficient information in his Complaint to determine the nature of his conviction and sentence, the office of the undersigned contacted the Office of the Circuit Clerk of Mercer County and was provided information relating to Plaintiff's criminal records in Mercer County. The undersigned's office was advised that Plaintiff was named as a Defendant in three felony cases, Case Nos. 01-F128, 04-F26, and 04-F283. The undersigned's office was further advised that Case No. 01-F128 was dismissed and that a not guilty verdict was rendered in Case No. 04-F26. The undersigned, therefore, has determined that the allegations contained in Plaintiff's Complaint most likely stem from Case No. 04-F283 in which Plaintiff was found guilty of grand larceny and fleeing from an officer.[2]

Given the nature of Plaintiff's allegations, it appears that Plaintiff is implying that his conviction is invalid as a result of various constitutional violations during his criminal trial in Mercer County, West Virginia. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983 pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the United States Supreme Court held that:

---

[2] The docket sheet reflects that Plaintiff was sentenced to a period of one to ten years for the offense of grand larceny and thirty days for fleeing from an officer. (Attached as Court Exhibit A.) On May 27, 2005, Plaintiff filed a motion for sentence reduction. (Id.) On June 22, 2005, Judge Frazier granted Plaintiff's motion and ordered that Plaintiff be placed on probation for three years. (Id.) On December 12, 2005, Plaintiff's probation was revoked and Plaintiff was ordered to serve his previously imposed sentence. (Id.)

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's §1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have implied the invalidity of conviction). Although Plaintiff does not indicate in his Complaint whether his conviction was subsequently rendered invalid, the office of the undersigned contacted the Clerk of the Supreme Court of Appeals of West Virginia and was advised that Plaintiff appealed his conviction in Case No. 04-F283 and that the Court refused his appeal in November of 2003. The undersigned, therefore, finds that because Plaintiff has not demonstrated that his criminal conviction has been invalidated, Plaintiff's §1983 claim is not cognizable pursuant to Heck. Accordingly, the undersigned respectfully recommends that Plaintiff's Complaint be dismissed.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis* (Document No. 2.), **DISMISS** this case with prejudice and remove this matter from the Court's docket. The undersigned will withdraw this Proposed Findings and Recommendation if Plaintiff is able to demonstrate within the thirteen day objection period that his conviction which is the subject of his Complaint has been invalidated.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby

**FILED**, and a copy will be submitted to the Honorable Chief United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff who is acting *pro se*.

DATE: June 16, 2006.

R. Clarke VanDervort
United States Magistrate Judge